NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

BROWN KUGLER, PETITIONER, v. NATIONAL LOCK WASHER COMPANY, RESPONDENT.

For the petitioner, *Dalrymple & Campbell*.

For the respondent, *Richard W. Baker*.

The petitioner was employed by the respondent on August 24th, 1926, and sustained an injury to one eye, arising in and out of the course of his employment, necessitating medical attention.

The respondent maintained at some distance from its plant a hospital, and directed the petitioner to go to its hospital for treatment, giving petitioner a card for that purpose and directing him to return to the plant. Petitioner rode his bicycle to respondent's place of business each day. This was known to the respondent and for the purpose of getting to and from the hospital, petitioner, with respondent's knowledge, used his bicycle.

Upon his return from the hospital after treatment of the injury petitioner's time card was punched, respondent allowing three-quarters of an hour for the same.

Petitioner again reported for work at the instructions of his foreman on August 25th, 1926, and was again sent to the hospital as before and given a card. Petitioner went to the hospital and had his eye treated, and on his way back to his place of employment, he was struck by an automobile and sustained personal injuries.

The respondent supervised the injury of the petitioner and had him report to his duty each morning after the injury was sustained, and that petitioner in going back and forth to the hospital acted in accordance with instructions of the respondent, and that the hospital was maintained by the respondent, and under the Workmen's Compensation statute petitioner was bound to accept the medical attention furnished by the respondent or pay his own, and that the petitioner was on the direct path from the hospital to respondent's plant, using the public highway, and that in going to and from the hospital of the respondent, petitioner was doing so

at the direction of the respondent and was doing so for respondent's benefit, and the court having heard other testimony offered in behalf of the petitioner and respondent thereof, and the argument of counsel;

I, Harry J. Goas, deputy commissioner of New Jersey, department of labor, workmen's compensation bureau, do find and determine from the evidence offered in the above-entitled cause as follows:

*First.*—That the petitioner was on the 25th day of August, A. D. 1927, in the employ of the respondent·in the capacity of automatic machine worker.

*Second.*—I do further find that at the time of the said injury, said petitioner received as wages in said employment the sum of $23.64 per week.

*Third.*—That on the 25th day of August, 1926, said Brown Kugler, while in the course of his employment and on his return from the hospital where he was sent by his employer, received an injury to his left shoulder, consisting of a fracture.

*Fourth.*—I do further find that the respondent herein had knowledge of said accident.

*Fifth.*—As a result of said·accident said Brown Kugler sustained injuries to his shoulder.

*Sixth.*—That petitioner is entitled to compensation amounting to temporary disability for forty days on the basis of $23.64 wages per week, or a total of $91.05 temporary disability, and permanent disability of fifteen per cent. of one arm on the basis of $23.64 wages per week or a total of thirty weeks at $15.76 per week, amounting to $472.80.·

*Seventh.*—That the petitioner is entitled to a counsel fee of $100 to be paid by the respondent, and physician's expenses of $100 to be paid by the respondent.

<div style="text-align:right">

ANDREW F. McBRIDE,
*Commissioner.*